**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-775

NATALIE HILTON,

       Plaintiff,

v.

AT&T CUSTOMER SERVICES, INC.,
CESAR RAMIREZ,
MELISSA YSLAS and
KIMBERLY ZAERR A/K/A KIMBERLY HAWKINS,

       Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Natalie Hilton, by her attorney Sarah J. Parady of Lowrey Parady, LLC, files this Complaint and Demand for Jury Trial against Defendants A&T Customer Services, Inc. ("AT&T"), Cesar Ramirez, Melissa Yslas, and Kimberly Zaerr a/k/a Kimberly Hawkins, and complains as follows:

**INTRODUCTION**

1.    Plaintiff Natalie Hilton is a former AT&T call center employee who suffers from migraine headaches which are greatly exacerbated by exposures to scented perfumes, body lotions, and other scent chemicals. Ms. Hilton made AT&T aware of her restrictions when she was diagnosed in January of 2017. AT&T responded by placing Ms. Hilton on intermittent unpaid medical leave and referring Ms. Hilton to its "air quality policy." However, due to AT&T's failure to effectively enforce this policy, Ms. Hilton's condition worsened, so her physician requested that AT&T accommodate her by

1

placing her in an enclosed office. AT&T refused to take this simple step, claiming that it was not possible for a global telecommunications giant to rewire an office for her phone and computer. Ms. Hilton was therefore forced to take unpaid medical leave. Her doctor then requested that she be allowed to work from home, since her job duties could easily be done remotely. AT&T refused this request as well, and Ms. Hilton was ultimately discharged from her employment. AT&T failed to accommodate Ms. Hilton, and terminated her employment, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-401 *et seq.*

## **PARTIES**

2. Plaintiff Natalie Hilton is a resident of and domiciled in Colorado. Her present address is 26541 County Road 319, Buena Vista, CO 81211. The Defendant employed Ms. Hilton at its 6550 Greenwood Plaza Boulevard, Greenwood Village, CO 80111 location from March 2016 until her termination.

3. Defendant AT&T is a Delaware corporation with a principal office street address of 2260 E. Imperial Highway, El Segundo, CA 90245. Defendant AT&T is registered to do business in the State of Colorado, including at 6550 Greenwood Plaza Boulevard, Greenwood Village, CO 80111.

4. Defendant Cesar Ramirez was a supervisor for AT&T at all relevant times. His address is 9111 E. Nassau Ave., Denver, CO 80237.

5. Defendant Yslas was a supervisor for AT&T at all relevant times. Her address is 25989 E. Frost Cir., Aurora, CO, 80016.

6.      Defendant Kimberly Zaerr was a supervisor for AT&T at all relevant times.  Her address is 15692 E. Broncos Pl., Englewood, CO 80112.

## JURISDICTION and VENUE

7.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1343(a)(3) and (4), which grant original jurisdiction to the Federal District Court in actions which arise under federal civil rights laws.  Specifically, this Court has jurisdiction because Ms. Hilton alleges violations of her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.  This Court has jurisdiction over Ms. Hilton's state-law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).  A substantial part of the events or omissions giving rise to Ms. Hilton's claims occurred within the jurisdiction of the United States District Court for the District of Colorado.

## ADMINISTRATIVE EXHAUSTION

9.      Ms. Hilton has complied with all administrative, jurisdictional and legal prerequisites to the filing of this action.

10.     Ms. Hilton timely filed Charge No. FE2018791426 with the Colorado Civil Rights Division ("CCRD") (the "First AT&T CCRD Charge"), alleging disability discrimination including failure to accommodate, and a determination and Notice of Right to Sue was mailed to her on December 26, 2018.

11.     Charge No. FE2018791426, the First AT&T CCRD Charge, was cross-filed with the EEOC as Charge No. 32A-2018-00201 (the "First AT&T EEOC Charge"), and received a determination and Notice of Right to Sue on March 8, 2019.

12. Ms. Hilton timely filed Charges of Aiding and Abetting Discrimination with the CCRD against Melissa Yslas, Charge No. CE2018087562 (the "Yslas CCRD Charge"); Cesar Ramirez, Charge No. CE2018281543 (the "Ramirez CCRD Charge"); and Kimberly Zaerr, Charge No. CE2018383604 (the "Zaerr CCRD Charge"), and determinations and Notices of Right to Sue were mailed to her on each of these Charges on December 26, 2018.

13. Ms. Hilton timely filed a subsequent Charge, Charge No. FE2019196120 (the "Second AT&T CCRD Charge"), with the CCRD alleging an additional failure to accommodate (specifically the denial of a work from home accommodation). She later amended this Charge to allege her retaliatory and discriminatory discharge from employment.

14. Charge No. FE2019196120, the Second AT&T CCRD Charge, was cross-filed with the EEOC as Charge No. 32A-2019-00079 (the "Second AT&T EEOC Charge").

15. Ms. Hilton has not yet received Notices of Right to Sue regarding the Second AT&T EEOC Charge or the Second AT&T CCRD Charge. Ms. Hilton will amend her Complaint to include her claims exhausted under these Charges as soon as she receives Notices of Right to Sue and is therefore permitted to do so.

## GENERAL ALLEGATIONS

16. Plaintiff Natalie Hilton was hired by AT&T on March 7, 2016 by AT&T's predecessor, DirectTV.

17. AT&T had more than 20 employees at all relevant times.

18. Around January of 2017, Ms. Hilton began to experience migraine headaches which were triggered by exposure to scented perfumes, colognes, body lotions and other scented chemicals.

19. Ms. Hilton's migraines are a disability.

20. Ms. Hilton's migraines substantially limit many of her major life activities including seeing, hearing, and concentrating.

21. Ms. Hilton's migraines also substantially limit the operation of major bodily functions including her neurological function.

22. Ms. Hilton informed her supervisors of her disability and asked for an accommodation.

23. Additionally, Ms. Hilton discovered that AT&T had an existing "air quality policy." Ms. Hilton asked her direct supervisor, Defendant Cesar Ramirez, to enforce the policy in her work area.

24. On February 21, 2017, AT&T responded to Ms. Hilton's request for accommodation by offering intermittent unpaid medical leave and no other accommodation.

25. AT&T, including its managers Defendants Cesar Ramirez, Melissa Yslas and Kimberly Zaerr, did not effectively enforce the air quality policy despite Ms. Hilton's repeated requests to both management and Human Resources. Ms. Hilton's coworkers continuing using scented chemicals in and around her work area.

26. AT&T did not sufficiently engage in the interactive process with Ms. Hilton and her doctors regarding her need for accommodation at this time.

27. Due to this inaction, Ms. Hilton's medical condition deteriorated.

28. On or about July 24, 2017, Ms. Hilton's physician completed a "Work Excuse" form recommending that Ms. Hilton have her own office so she could be isolated from scent chemicals.

29. Ms. Hilton provided this note to AT&T, including to Defendants Cesar Ramirez and Kimberly Zaerr, and to its third-party benefits administrator, Sedgwick.

30. This note constituted an additional request for accommodation.

31. There were empty offices available and unused on Ms. Hilton's floor, and AT&T could easily have placed her in one of these offices without altering her essential job functions.

32. AT&T supervisors could easily have monitored Ms. Hilton and given her feedback by visiting her office, monitoring her calls using technology, or chatting with her through the company chat system.

33. AT&T could easily have installed the necessary phone and computer systems for Ms. Hilton's work in an enclosed office rather than a cubicle.

34. AT&T did not sufficiently engage in the interactive process with Ms. Hilton and her doctors regarding this accommodation.

35. On or about December 13, 2017, Ms. Hilton was informed that AT&T had denied the accommodation of an office with a door even though Sedgwick had recommended otherwise.

36. Defendants Melissa Yslas and Kimberly Zaerr made this decision on behalf of AT&T.

37. As a result of AT&T's failure to accommodate Ms. Hilton, she was forced to use all of her sick time and paid leave and begin taking unpaid medical leave beginning on or about November 28, 2017.

38. Ms. Hilton was constructively discharged due to her loss of employment income while on unpaid leave.

39. On or about June 25, 2018, Ms. Hilton requested a work from home accommodation through her physician from AT&T's Integrated Disability Service Center ("IDSC").

40. On or about July 18, 2018, Ms. Hilton spoke to a Long-Term Disability Agent at IDSC who informed her that AT&T had denied her request for a work from home accommodation.

41. Later that same day, Ms. Hilton contacted Alice Burns at IDSC, and Defendants Melissa Yslas and Cesar Ramirez, to inquire about her accommodation.

42. Ms. Hilton got no further response regarding her request to work from home.

43. AT&T supervisors could easily have monitored Ms. Hilton and given her feedback by calling her, monitoring her calls using technology, or chatting with her through the company chat system.

44. AT&T could easily have provided the necessary phone and computer systems for Ms. Hilton's work at her home.

45. AT&T did not sufficiently engage in the interactive process with Ms. Hilton and her doctors regarding this accommodation.

46. On or about December 12, 2018, an AT&T phone representative informed Ms. Hilton that her employment had been formally terminated effective September 3, 2018.

## FIRST CLAIM FOR RELIEF
### Failure to Accommodate in Violation of the Americans with Disabilities Act
### 49 U.S.C. § 12101, *et seq.*
### (Against Defendant AT&T)

47. Ms. Hilton incorporates all foregoing and subsequent paragraphs of this Complaint as if fully set forth herein.

48. As a person with severe migraines, Ms. Hilton has a disability under the ADA.

49. AT&T was Ms. Hilton's employer.

50. Ms. Hilton is a qualified person with a disability who was able to perform all of the essential functions of her job with a reasonable accommodation.

51. Ms. Hilton required a reasonable accommodation such as enforcement of the air quality policy, being assigned to an office with a door, or working from home.

52. AT&T could accommodate Ms. Hilton without undue hardship.

53. AT&T denied Ms. Hilton's requests for accommodation and did not provide her with a reasonable alternative accommodation.

54. Placing Ms. Hilton on unpaid leave when accommodations that would allow her to work were available was not a reasonable accommodation.

55. AT&T failed to accommodate Ms. Hilton because of a failure to engage in the interactive process.

56. AT&T constructively discharged and/or terminated Ms. Hilton as a result of its failure to accommodate her.

57. As a direct and proximate cause of Defendants' discriminatory actions and conduct, Ms. Hilton suffered, and will continue to suffer damages including, but not limited to, loss of salary wages, earnings and benefits; diminution of future earning capacity, loss of accumulated benefits, emotional distress and other compensatory damages in amount to be determined at trial; punitive damages in an amount to be determined at trial; and attorney fees and costs.

## SECOND CLAIM FOR RELIEF
### Disability Discrimination in Violation of the Americans with Disabilities Act
### 49 U.S.C. § 12101, *et seq.*
### (Against Defendant AT&T)

58. Ms. Hilton incorporates all foregoing and subsequent paragraphs of this Complaint as if fully set forth herein.

59. AT&T subjected Ms. Hilton to a discriminatory hostile work environment.

60. AT&T discriminated against Ms. Hilton by placing her on unpaid leave.

61. AT&T discriminated against Ms. Hilton by refusing to offer her accommodations that it offered to nondisabled employees.

62. AT&T discriminated against Ms. Hilton by terminating and/or constructively discharging her employment.

63. As a direct and proximate cause of Defendant AT&T's discriminatory actions and conduct, Ms. Hilton suffered, and will continue to suffer damages including, but not limited to, loss of salary wages, earnings and benefits; diminution of future earning capacity, loss of accumulated benefits, emotional distress and other compensatory damages in amount to be determined at trial; punitive damages in an amount to be determined at trial; and attorney fees and costs.

**THIRD CLAIM FOR RELIEF**
**Failure to Accommodate in Violation of the Colorado Anti-Discrimination Act**
**C.R.S. § 24-34-401,** *et seq.*
**(Against Defendant AT&T)**

64. Ms. Hilton incorporates all foregoing and subsequent paragraphs of this Complaint as if fully set forth herein.

65. As a person with severe migraines, Ms. Hilton has a disability under CADA.

66. AT&T was Ms. Hilton's employer.

67. Ms. Hilton is a qualified person with a disability who was able to perform all of the essential functions of her job with a reasonable accommodation.

68. Ms. Hilton required a reasonable accommodation such as enforcement of the air quality policy, being assigned to an office with a door, or working from home.

69. AT&T could accommodate Ms. Hilton without undue hardship.

70. AT&T denied Ms. Hilton's requests for accommodation and did not provide her with a reasonable alternative accommodation.

71. Placing Ms. Hilton on unpaid leave when accommodations that would allow her to work were available was not a reasonable accommodation.

72. AT&T failed to accommodate Ms. Hilton because of a failure to engage in the interactive process.

73. AT&T constructively discharged and/or terminated Ms. Hilton as a result of its failure to accommodate her.

74. As a direct and proximate cause of Defendants' discriminatory actions and conduct, Ms. Hilton suffered, and will continue to suffer damages including, but not limited to, loss of salary wages, earnings and benefits; diminution of future earning

capacity, loss of accumulated benefits, emotional distress and other compensatory damages in amount to be determined at trial; punitive damages in an amount to be determined at trial; and attorney fees and costs.

### FOURTH CLAIM FOR RELIEF
### Disability Discrimination in Violation of the Colorado Anti-Discrimination Act
### C.R.S. § 24-34-401, *et seq.*
### (Against Defendant AT&T)

75. Ms. Hilton incorporates all foregoing and subsequent paragraphs of this Complaint as if fully set forth herein.

76. AT&T subjected Ms. Hilton to a discriminatory hostile work environment.

77. AT&T discriminated against Ms. Hilton by placing her on unpaid leave.

78. AT&T discriminated against Ms. Hilton by refusing to offer her accommodations that it offered to nondisabled employees.

79. AT&T discriminated against Ms. Hilton by terminating and/or constructively discharging her employment.

80. As a direct and proximate cause of Defendant AT&T's discriminatory actions and conduct, Ms. Hilton suffered, and will continue to suffer damages including, but not limited to, loss of salary wages, earnings and benefits; diminution of future earning capacity, loss of accumulated benefits, emotional distress and other compensatory damages in amount to be determined at trial; punitive damages in an amount to be determined at trial; and attorney fees and costs.

**FIFTH CLAIM FOR RELIEF**
**Aiding & Abetting Discrimination in Violation of**
**the Colorado Anti-Discrimination Act**
**C.R.S. § 24-34-401,** *et seq.*
**(Against Defendants Ramirez, Yslas and Zaerr)**

81. Ms. Hilton incorporates all foregoing and subsequent paragraphs of this Complaint as if fully set forth herein.

82. Defendant AT&T engaged in acts defined by CADA to be a discriminatory or unfair employment practices, as described herein.

83. Defendants Ramirez, Yslas and Zaerr aided, abetted, incited, compelled, or coerced Defendant AT&T to engage in those acts, including by participating in the decisions to deny Ms. Hilton accommodations, failing to accommodate her, failing to interact with her, creating a hostile work environment, and participating in the decision(s) that led to her constructive discharge and/or termination.

84. Because Defendants Ramirez, Yslas and Zaerr aided, abetted, incited, compelled, or coerced Defendant AT&T to engage in acts defined by CADA to be a discriminatory or unfair employment practices, Ms. Hilton suffered damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court grant the following relief:

A. Injunctive and declaratory relief,

B. Actual economic damages in such amount as shall be proven at trial for back-pay, lost benefits, wages, promotions, tenure, seniority, and other employment opportunities; reinstatement or front pay in lieu of reinstatement,

C. Compensatory damages including, but not limited to, emotional distress, suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses,

D. Pre-judgment and post-judgment interest,

E. Attorney's fees, costs and expenses, and

F. Any other relief justice requires and law or equity allows.

## JURY TRIAL DEMAND

The plaintiff hereby requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 15th day of March, 2019.

**LOWREY PARADY, LLC**

*/s/ Sarah Parady*
Sarah J. Parady
1725 High Street, Suite 1
Denver, CO 80218
Phone: 303-593-2595
Fax: 303-502-9119
Email: Sarah@lowrey-parady.com
*Attorney for Plaintiff*

Plaintiff's Address:
26541 County Road 319, Buena Vista, CO 81211